IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TURNPIKE GIN, LLC and TURNPIKE
WAREHOUSE PARTNERSHIP, LP,

    Plaintiffs,

v.                                              No. 14-1321

PENN MILLERS INSURANCE COMPANY,

    Defendant.

_____

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
_____

On October 27, 2014, Plaintiffs, Turnpike Gin, LLC, and Turnpike Warehouse Partnership, LP, brought this action in Haywood County Circuit Court. (Docket Entry ("D.E.") 1-1 at 4.) Defendant, Penn Millers Insurance Company ("Penn Millers"), filed a notice of removal on December 1, 2014, alleging that jurisdiction over this action existed in this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (D.E. 1.) Plaintiffs then filed a motion to remand this case, insisting that the amount in controversy did not rise to the $75,000 minimum for diversity cases prescribed by § 1332. (D.E. 9.)

In response, Penn Millers submitted a notice stating that, because Plaintiffs agreed to "stipulate that the amount in controversy in this case does not exceed . . . $75,000," it would not oppose the motion to remand. (D.E. 11 at 1.) Plaintiffs submitted a stipulation that the amount in controversy was $75,000 or less, excluding interest on an unpaid judgment. (D.E. 12 at 1.) They "agree[d] that they w[ould] not attempt to collect on any judgment rendered in excess of the limitation in the event a verdict is rendered exceeding that amount," and that any amendment to their complaint would take place within ten months from the initial filing of the case, so

Defendant would not lose the right to remove. (*Id.*) The parties agreed to "bear their own costs and attorneys' [fees] with respect to the removal of this matter" and the motion to remand. (*Id.* at 2.)

Because the parties are in agreement, and because Plaintiffs' stipulations "unequivocal[ly] . . . limit[] damages" and serve as "a clarification rather than a reduction of the amount in controversy," *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014), remand is proper. The case fails to "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This Court therefore lacks jurisdiction over the action. Accordingly, Plaintiff's motion to remand is GRANTED. The Clerk is DIRECTED, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Haywood County Circuit Court.

IT IS SO ORDERED this 13th day of January, 2015.

                                              s/ J. DANIEL BREEN
                                              CHIEF UNITED STATES DISTRICT JUDGE